**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDREW MAYBERRY,<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC.,<br>a foreign corporation,<br><br>SERVE REGISTERED AGENT<br>Illinois Corporation Service C<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703<br><br>Defendant. | ) | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW Plaintiff, ANDREW MAYBERRY, and for his causes of action against PRAXAIR DISTRIBUTION, INC., a foreign corporation, states as follows:

**STATEMENT OF CASE**

1. Plaintiff, ANDREW MAYBERRY, was a four-year employee of Defendant, PRAXAIR DISTRIBUTION, INC., who sustained a workplace injury in September 2018 and was soon after retaliated against by Defendant. Part of his punishment was to be forced to work with a known problem employee who would regularly make offensive comments. After his injury and reporting complaints of discrimination to his supervisors, he was terminated on April 2, 2019.

2. Plaintiff's termination was due to one or more of the following illegal reasons:

a. Defendant terminated Plaintiff because of his disability or perceived disability;

b. Defendant terminated Plaintiff for requesting a reasonable accommodation and/or in failing to accommodate Plaintiff's disability;

c. Defendant terminated Plaintiff for reporting and seeking protection under the Illinois Workers' Compensation Act;

d. Defendant terminated Plaintiff in retaliation for complaining about being assigned to work with an offensive employee, L.S., and further complaining about the offensive sexual comments and behavior of L.S.

3. This is an action brought to remedy, inter alia, Defendant's unlawful retaliatory and discriminatory practices against Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Civil Rights Act"), the Americans with Disabilities Act ("ADA"), the Illinois Human Rights Act ("IHRA"), the Illinois Workers' Compensation Act ("IWCA") and Illinois common law.

**JURISDICTION AND VENUE**

4. This Honorable Court has jurisdiction pursuant to 42 U.S.C. 2000e-5 and 28 U.S.C. §§ 1331, 1343, 1367.

5. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. On November 29, 2019, Plaintiff received a notice of right to sue from the U.S. Equal Employment Opportunity Commission. A copy of the November 29, 2019 notice of right to sue is attached hereto as "Exhibit A."

7. On January 14, 2020, Plaintiff received his notice of right to commence a civil action against PRAXAIR DISTRIBUTION, INC. A copy of the May 9, 2019 notice of right to sue are attached hereto as group "Exhibit B."

8. Defendant regularly and systematically conducts and transacts business associated with and in the counties comprising the Southern District of Illinois.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as one or more defendants reside in the Southern District of Illinois and/or a substantial part of the events giving rise to the claim occurred in the counties comprising the Southern District of Illinois.

**PARTIES**

10. Plaintiff, ANDREW MAYBERRY ("MAYBERRY"), is an individual who resides in or near Wellston, Missouri, County of St. Louis, State of Missouri.

11. At all times material herein, Defendant, PRAXAIR DISTRIBUTION, INC. ("PDI", a foreign corporation.

12. At all times material herein, Defendant, PDI, operated a distribution complex in the City of Cahokia, State of City Illinois.

13. At all times material herein, PDI, was an employer within the meaning of the ADA.

14. At all times material herein, PDI, was an employer within the meaning of the IHRA.

15. At all times material herein, PDI, was an employer within the meaning of the Civil Rights Act.

**COMMON ALLEGATIONS**

16. Plaintiff, MAYBERRY, was hired as a truck driver by Defendant, PDI, in approximately October or 2015.

17. On or about September 20, 2018, MAYBERRY severely injured his knee while at work.

18. After his injury, MAYBERRY exercised his rights under the IWCA.

19. Defendant, PDI, knew MAYBERRY was exercising his rights under the IWCA.

20. After his injury MAYBERRY took medical leave.

21. In October 2018, MAYBERRY was released to light duty and requested reasonable accommodations because of his injury.

22. Defendant, PDI, provided Plaintiff with L.S. as an assistant to ride along in MAYBERRY's truck to help with deliveries.

23. L.S., was of little to no help as an assistant, and it soon became clear that his assignment was a punishment rather than an attempt to reasonably accommodate MAYBERRY.

24. L.S. would arrive late to work and on more than one occasion would arrive intoxicated.

25. On more than one occasion, L.S. would vomit in the cab of MAYBERRY's truck.

26. L.S. would make inappropriate comments about women while in the truck which MAYBERRY found offensive.

27. L.S.'s comments were not isolated to the time spent in the truck.

28. At vender sites, L.S. would make sexual comments to the vender's female employee

29. Part of L.S.'s role as an assistant was to help MAYBERRY back up his truck trailer.

30. L.S. would not use proper hand signals and would many times make up his own signals creating confusion and serious safety concerns.

31. On one occasion, L.S., said he was accused of being a pedophile, but he could explain. MAYBERRY constantly told L.S. his behavior was completely inappropriate, but nothing changed.

32. MAYBERRY reported the above conduct to his supervisors, but nothing was done to correct the problem.

33. MAYBERRY requested another assistant but was told that he could not have a replacement even though other employees could have assisted MAYBERRY.

34. Around this time, MAYBERRY's supervisor told him he "didn't want to hear it."

35. After his complaints, MAYBERRY was disciplined in November 2018, January 2019, and March 2019.

36. On April 2, 2019, MAYBERRY was terminated for allegedly backing up into another hydrogen trailer and not reporting damage to the trailer.

37. MAYBERRY denied doing so and discussed the incident with Defendant.

38. Based upon his earlier treatment, MAYBERRY asked if there was a picture or other documentation.

39. MAYBERRY's supervisor said it happened "because we said so."

**COUNT I**

**(ADA–Disability Discrimination)**

40. Plaintiff restates and realleges paragraphs 1-39 of this Complaint as if fully stated herein.

41. At all relevant times, Defendant, PDI, was an employer and/or an agent covered by and within the meaning of the ADA.

42. Plaintiff's disability or perceived disability was a motivating factor in Defendant, PDI's, wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

43. Defendant, PDI's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

44. Defendant, PDI, and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his disability or perceived disability.

45. As a direct and proximate result of Defendant, PDI's, wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

46. All of the actions of Defendant, PDI, were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant, PDI, for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act and the ADA, and all other relief deemed just and equitable.

**COUNT II**

**(ADA–Failure to Accommodate)**

47. Plaintiff restates and realleges paragraphs 1-39 of this Complaint as if fully stated herein.

48. Defendant is an entity engaged in an industry affecting commerce.

49. Defendant is an entity who has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

50. At all relevant times, Plaintiff was an individual employed by Defendant.

51. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity, or alternatively, Defendant perceived Plaintiff as having such a condition.

52. Plaintiff's disability or perceived disability placed him as a member of a protected class under the ADA.

53. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

54. Plaintiff requested the reasonable accommodation of light duty with a delivery assistant.

55. Defendant was aware of this request.

56. Defendant failed to provide with an actual accommodation despite being able to provide Plaintiff with a proper assistant.

57. By failing to take prompt and effective remedial action - e.g., providing plaintiff with an assistant who would not sexually harass women, show up on time and sober for work, refrain from vomiting in Plaintiff's truck cab, and correctly provide direction when Plaintiff was backing up -Defendant, in effect, condoned, ratified, and/or authorized the discrimination against Plaintiff.

58. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

59. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

60. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

61. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the Civil Rights Act and the ADA, and all other relief deemed just and equitable.

**COUNT III**

**(ADA – Retaliation)**

62. Plaintiff restates and realleges paragraphs 1-39 of this Petition as if fully stated herein.

63. Plaintiff’s medical condition(s) are serious medical condition that substantially limits one or more major life activity, or alternatively, Defendants perceived Plaintiff as having such a condition.

64. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

65. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

66. Plaintiff’s requests for a reasonable accommodation were a motivating factor in the tangible employment actions including, but not limited to, termination.

67. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

68. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

69. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

70. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Americans with Disabilities Act and The Civil Rights Act, and all other relief deemed just and equitable.

**COUNT IV**

**(CIVIL RIGHTS ACT– Retaliation)**

71. Plaintiff was subjected to tangible employment actions including, but not limited to, termination.

72. Plaintiff's complaints about workplace discrimination were a motivating factor in the tangible employment actions including, but not limited to, termination.

73. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

74. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of Plaintiff's complaints about workplace discrimination.

75. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

76. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive

damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Americans with Disabilities Act and The Civil Rights Act, and all other relief deemed just and equitable.

**COUNT V**

**(Illinois Human Rights Act – Disability Discrimination)**

77. Plaintiff restates and realleges paragraphs 1-39 of this Complaint.

78. At all relevant times, Defendant, was an employer and/or an agent covered by and within the meaning of the IHRA.

79. Plaintiff's disability, perceived disability, and/or requests for an accommodation were a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

80. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

81. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability or perceived disability.

82. As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and

future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

83. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant, PDI, for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

**COUNT VI**

**(Illinois Human Rights Act –Failure to Accommodate)**

84. Plaintiff restates and realleges paragraphs 1-39 of this Complaint as if fully stated herein.

85. Defendant is an entity engaged in an industry affecting commerce.

86. Defendant is an entity who has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

87. At all relevant times, Plaintiff was an individual employed by Defendant.

88. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity, or alternatively, Defendant perceived Plaintiff as having such a condition.

89. Plaintiff's disability or perceived disability placed him as a member of a protected class under the IHRA.

90. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

91. Plaintiff requested the reasonable accommodation of light duty with a delivery assistant.

92. Defendant was aware of this request.

93. Defendant failed to engage in an interactive process to see what duties Plaintiff could perform.

94. The above-referenced requests were reasonable accommodations that were possible for Defendant to provide.

95. By failing to take prompt and effective remedial action - e.g., providing plaintiff with an assistant who would not sexually harass women, show up on time and sober for work, refrain from vomiting in Plaintiff's truck cab, and correctly provide direction when Plaintiff was backing up -Defendant, in effect, condoned, ratified, and/or authorized the discrimination against Plaintiff.

96. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

97. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

98. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

99. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

**COUNT VII**

**(Public Policy Retaliatory Discharge)**

100. Plaintiff restates and realleges paragraphs 1-39 of this Complaint.

101. At all relevant times Illinois had a clearly mandated public policy that an employee should not be retaliated against for seeking benefits under the IWCA.

102. Plaintiff was terminated for exercising his rights under the IWCA.

103. Plaintiff's termination is a violation of Illinois public policy.

104. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

105. As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

106. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant, PDI, for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, PDI, that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under Illinois Common Law, and all other relief deemed just and equitable.

JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on the claims presented in this Complaint.

Respectfully submitted,
THE FURNISS LAW FIRM, LLC

/s/ Joshua G. Miller
Joshua G. Miller (IL# 6279290)
Ryan M. Furniss (IL# 6282915)
7750 Clayton Rd, Suite 102
St. Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
jmiller@furnisslaw.com
rfurniss@furnisslaw.com